# EXHIBIT A

 

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
OPTUM, INC., a Delaware corporation. HEALTHCARE PARTNERS MEDICAL GROUP, P.C., a California corporation, DAVITA MEDICAL GROUP CALIFORNIA. P.C., a California corporation. SCANSTAT TECHNOLOGIES, LLC. a Delaware limited liability company and DOES 1 through 20 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NANA AKUA SERWAAH ODDEI. an individual. on behalf of all others similarly situated

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**MAR 3 0 2021**

Sherri R. Carter, Executive Officer/Clerk of Court

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: Los Angeles County Superior Court<br>*(El nombre y dirección de la corte es):*<br>111 N. Hill St. Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>21STCV11976 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gabriel J. Pimentel, Esq., (SBN: 265328)       (626) 765-6505
Pimentel Law, P.C., 30 N. Raymond Avenue, Suite 210, Pasadena, CA 91103

| DATE:<br>*(Fecha)* | MAR 3 0 2021 | Sherri R. Carter, Clerk | Clerk, by<br>*(Secretario)* _____ STEVEN CREW _____ | , Deputy<br>*(Adjunto)* |
| --- | --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* OPTUM, INC., A Delaware Corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |

Exhibit A, Page 14

**PIMENTEL LAW, P.C.**
Gabriel J. Pimentel, Esq. (SBN 265328)
GJP@PimentelLaw.com
Bruce T. Murray, Esq. (SBN 306504)
BTM@PimentelLaw.com
30 N. Raymond Avenue, Suite 210
Pasadena, CA 91103
Telephone: (626) 765-6505
Fax: (626) 628-3041

Attorneys for Plaintiff and putative class

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 22 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By: Kristina Vargas, Deputy

## IN THE SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| NANA AKUA SERWAAH ODDEI, an individual, on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>     vs.<br><br>OPTUM, INC., a Delaware corporation, HEALTHCARE PARTNERS MEDICAL GROUP, P.C., a California corporation, DAVITA MEDICAL GROUP CALIFORNIA, P.C., a California corporation, SCANSTAT TECHNOLOGIES, LLC, a Delaware limited liability company and DOES 1 through 20 inclusive,<br><br>                    Defendants. | Case No.: **21STCV11076**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Violation of California Evidence Code § 1158;<br><br>2. Violation of California Civil Code §§ 56, et seq.;<br><br>3. Unfair Competition in violation of California Business & Professions Code §§ 17200, et seq.<br><br>**Jury Trial Demanded** |

1.    Plaintiff NANA AKUA SERWAAH ODDEI, on behalf of herself and all others similarly situated, is informed and believes and thereon alleges as follows:

PARTIES, VENUE AND JURISDICTION

2.    Plaintiff brings this Class Action pursuant to Civil Procedure Code § 382 on behalf of herself and all others similarly situated (the "Class" or "Class Members"). Namely, all persons who were charged more than the amounts permitted under California Evidence Code § 1158 for retrieval and copying of records within four years prior to the filing of this Complaint, as well as all persons whose private medical

-1-

information was disclosed without lawful authorization for purposes other than providing health care services in violation of the Confidentiality of Medical Information Act, California Civil Code § 56, et seq., ("CMIA").

3. Plaintiff seeks declaratory, injunctive and equitable relief, restitution, disgorgement of profits, monetary damages, attorneys' fees and all other relief the Court deems appropriate.

4. Plaintiff NANA AKUA SERWAAH ODDEI was at all times relevant hereto a resident of Canyon Country, California.

5. At all relevant times herein, Defendant OPTUM, INC. was a Delaware corporation doing business in California.

6. At all relevant times herein, Defendant HEALTHCARE PARTNERS MEDICAL GROUP, P.C. was a California corporation doing business in California.

7. At all relevant times herein, Defendant DAVITA MEDICAL GROUP CALIFORNIA, P.C. was a California corporation doing business in California.

8. At all relevant times herein, Defendant SCANSTAT TECHNOLOGIES, LLC was a Delaware limited liability company doing business in California.

9. Venue is proper pursuant to California Civil Procedure Code §§ 395 (a) and 395.5 because this suit was filed in the county where the liability arises, where the breach occurred and where Defendants' resided at the commencement of this action.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore these Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of these Defendants when they become known to Plaintiff. Plaintiff is informed and believes and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and are therefore liable to Plaintiff as alleged hereinafter.

11. Plaintiff is informed and believes and based thereupon alleges, that at all times relevant hereto, Defendants OPTUM, INC., HEALTHCARE PARTNERS MEDICAL GROUP, P.C., DAVITA MEDICAL GROUP CALIFORNIA, P.C., SCANSTAT TECHNOLOGIES, LLC and DOES 1-20 were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers,

-2-

1  alter egos, successors, and/or joint ventures of one another, and in committing the acts alleged herein,

2  were acting at least in part within the course and scope of said agency, employment, conspiracy, joint

3  employer, alter ego status, successor status and/or joint venture and with the permission and consent of

4  each other.

5        12.   Plaintiff is informed and believes and based thereupon alleges, that OPTUM, INC.,

6  HEALTHCARE PARTNERS MEDICAL GROUP, P.C., DAVITA MEDICAL GROUP CALIFORNIA,

7  P.C., SCANSTAT TECHNOLOGIES, LLC and DOES 1-20 acted in concert with one another to commit

8  the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the

9  wrongful acts alleged herein, and/or attempted to do so. Plaintiff is further informed and believes, and

10  based thereupon alleges, that OPTUM, INC., HEALTHCARE PARTNERS MEDICAL GROUP, P.C.,

11  DAVITA MEDICAL GROUP CALIFORNIA, P.C., SCANSTAT TECHNOLOGIES, LLC and DOES 1-

12  20 formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful

13  acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy,

14  intended to cause and actually causing Plaintiff and Class Members harm.

15        13.   Whenever and wherever reference is made in this Complaint to any act or failure to act by

16  a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or

17  failures to act by each Defendant acting individually, jointly and severally.

18                            **GENERAL ALLEGATIONS**

19        14.   On August 20, 2020, Plaintiff was involved in a motor vehicle collision.

20        15.   From August 24, 2020 to October 11, 2020, Plaintiff received treatment at OPTUM, INC.

21  and OPTUM, INC.-affiliated medical providers for various injuries related to the collision.

22        16.   Plaintiff retained counsel to represent her in a suit for personal injuries against the driver

23  of the automobile that struck her.

24        17.   On September 22, 2020, Plaintiff's counsel's office requested all medical records

25  pertaining to treatment rendered to Plaintiff at OPTUM, INC. medical providers. The request included an

26  authorization form signed by Plaintiff authorizing OPTUM, INC. to release the records to her counsel.

27        18.   After receiving the request for medical records, OPTUM, INC. forwarded that request to

28  SCANSTAT TECHNOLOGIES, LLC.

-3-

19.     On October 11, 2020, SCANSTAT TECHNOLOGIES, LLC sent Plaintiff's counsel an invoice in the amount of 10.40. The invoice included a charge for the copying of 30 pages at a rate of .25¢ per page, as well as $2.90 for shipping charges despite that the records were faxed. The invoice failed to provide any further details or explanation, such as the clerical costs incurred in locating and making the records available.

20.     After October 11, 2020, Plaintiff continued to receive treatment at OPTUM, INC. and its affiliated medical providers, which included treatment related to her auto accident.

21.     On March 2, 2021, Plaintiff's counsel submitted a supplemental request for all medical records pertaining to treatment rendered to Plaintiff at OPTUM, INC. medical providers encompassing the time period after October 11, 2020. The request included an authorization form signed by Plaintiff authorizing OPTUM, INC. to release the records to her counsel.

22.     After receiving Plaintiff's counsel's request for medical records, OPTUM, INC. forwarded that request to SCANSTAT TECHNOLOGIES, LLC.

23.     On March 12, 2021, SCANSTAT TECHNOLOGIES, LLC sent Plaintiff's counsel an invoice in the amount of $28.90. The invoice included a charge for the copying of 104 pages at a rate of .25¢ per page, as well as $2.90 for shipping charges despite that the records were emailed, and Plaintiff's counsel requested that they be transmitted electronically. The invoice failed to provide any further details or explanation, such as the clerical costs incurred in locating and making the records available.

24.     On March 12, 2021, after receiving the $28.90 invoice, Plaintiff's counsel paid it in full.

## CLASS ACTION ALLEGATIONS

25.     With respect to all Defendants, Plaintiff's first proposed Class consists of:

All adult patients, guardians or conservators of adult patients (or of the adult patient's estate), parents or guardians of minor patients, or personal representatives or heirs of deceased patients, attorneys or law firms who: (1) requested medical records from a medical provider (as defined in California Evidence Code § 1158) located in California; (2) (i) through an attorney at law or his/her representative or (ii) as an attorney at law or through such attorney's representative pursuant to a signed authorization; (3) prior to litigation, and (4) were charged by Defendants more than: (a) ten cents ($0.10) per page for standard reproduction of documents of a size 8½ x 14 inches or less, (b) twenty cents ($0.20) per page for copying of documents from microfilm, (c) $16.00 per hour (computed on the basis of four dollars per quarter hour or fraction thereof) for clerical costs, (d) actual

-4-

necessary and/or authorized postage charges, and/ or (e) actual costs charged by a third person for the retrieval and return of records held by that third person, from four years prior to the filing of this action.

26.    With respect to SCANSTAT TECHNOLOGIES, LLC and DOES 1-20, Plaintiff's second proposed class consists of:

All persons whose private medical information was disclosed without lawful authorization for purposes other than providing health care services in violation of the Confidentiality of Medical Information Act, California Civil Code §§ 56, et seq., ("CMIA").

27.    Excluded from the Classes are: (1) Defendants, any entity in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns and successors; (2) the judge to whom this case is assigned and any member of the judge's immediate family; (3) counsel for the named class representative and (4) claims for personal injury, wrongful death and emotional distress and claims of consequential property damage and loss.

28.    Plaintiff reserves the right to redefine the Classes and to add subclasses as appropriate based on further investigation and discovery.

29.    There is a well-defined community of interest in the litigation and the disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.

30.    **Numerosity & Ascertainability**: The members of the Class are sufficiently numerous that joinder of all members is impracticable. The membership of the entire Class is presently unknown to Plaintiff. However, the Class is estimated to comprise of thousands of individuals. The identity of such membership is a readily ascertainable set of persons who were overcharged for the retrieval and copying of medical records and/or whose private medical information was disclosed without lawful authorization. Class Members are easily identifiable from records maintained by and in the possession and control of the Defendants or otherwise readily obtained from third parties.

31.    **Commonality**: There are questions of law and fact common to the Classes that are answerable on a common basis, and these questions predominate over individual questions. The questions of law and fact common to the Classes include:

32.    Whether Defendants' conduct violated Evidence Code § 1158;

-5-

33.   Whether Defendants' conduct violated California Civil Code §§ 56, et seq.;

34.   Whether Defendants' conduct violated Business & Professions Code §§ 17200, et seq.;

35.   Whether Plaintiffs and the Class are entitled to equitable relief, and, if so, the nature of such relief; and

36.   Whether compensatory damages should be awarded to Plaintiff and Class Members.

37.   **Typicality:** Plaintiff's claims are typical of the claims of the Classes she seeks to represent. Plaintiff, like all Class Members, was overcharged for the retrieval and copying of her medical records, had her private medical information disclosed without lawful authorization and has suffered injury as a result. The factual bases of Defendants' misconduct are common to all Class Members, and Defendants' actions resulted in injury to all of them. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Classes.

38.   **Adequacy:** Plaintiff will fairly and adequately represent the interests of all members of the Classes she seeks to represent. Plaintiff is a member of the Classes she seeks to represent, does not have any conflicts of interest with the Classes, will prosecute the case vigorously on behalf of the Classes, and has already devoted time and resources to the initial investigation of these claims. Further, Plaintiff's counsel is competent and experienced in litigating class actions.

39.   **Superiority of Class Action:** A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the damages suffered by certain individual members of the Classes may be relatively small, the expense and burden of individual litigation make it impracticable for Class Members to pursue their claims separately. Each member of the Classes has been damaged and is entitled to recovery by reason of Defendants' illegal and unfair practices. Class treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Class treatment will also avoid inconsistent outcomes because the same issues can be adjudicated in the same manner for all members of the Classes.

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA EVIDENCE CODE § 1158

## (AGAINST ALL DEFENDANTS)

40.   Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs as though

-6-

1   fully set forth herein.

2       41.    "Before the filing of any action or the appearance of a defendant in an action, if an attorney

3   at law or his or her representative presents a written authorization therefor signed by an adult patient, by

4   the guardian or conservator of his or her person or estate, or, in the case of a minor, by a parent or guardian

5   of the minor, or by the personal representative or an heir of a deceased patient, or a copy thereof, to a

6   medical provider, the medical provider shall promptly make all of the patient's records under the medical

7   provider's custody or control available for inspection and copying by the attorney at law or his or her

8   representative." Evid. Code § 1158 (b).

9       42.    "All reasonable costs incurred by a medical provider in making patient records available

10  pursuant to this section may be charged against the attorney who requested the records. 'Reasonable cost,'

11  as used in this section, shall include, but not be limited to, the following specific costs: ten cents ($0.10)

12  per page for standard reproduction of documents of a size 81/2 by 14 inches or less; twenty cents ($0.20)

13  per page for copying of documents from microfilm; actual costs for the reproduction of oversize

14  documents or the reproduction of documents requiring special processing which are made in response to

15  an authorization; reasonable clerical costs incurred in locating and making the records available to be

16  billed at the maximum rate of sixteen dollars ($16) per hour per person, computed on the basis of four

17  dollars ($4) per quarter hour or fraction thereof; actual postage charges; and actual costs, if any, charged

18  to the witness by a third person for the retrieval and return of records held by that third person." Evid.

19  Code § 1158 (e) (1)-(2).

20      43.    Defendants violated Evidence Code § 1158 when they failed to produce Plaintiff's and

21  Class Members' records within five days of the request and overcharged Plaintiff and Class Members.

22      44.    Defendants illegally charged fees in excess of the .10¢ per page maximum imposed by

23  Evidence Code § 1158 (e) (2) and charged for shipping costs that were not actually necessary and/or

24  incurred.

25      45.    As a direct and proximate result of Defendants' violation of California Evidence Code §

26  1158, Plaintiff and the Classes have suffered economic harm.

27      46.    Plaintiff, on behalf of herself and all others similarly situated, demands judgment against

28  Defendants for monetary damages, injunctive relief, attorneys' fees, costs and interest.

-7-
CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### VIOLATION OF CIVIL CODE §§ 56, ET SEQ.

### (AGAINST SCANSTAT TECHNOLOGIES, LLC AND DOES 1-20)

47.     Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs as though fully set forth herein.

48.     At all relevant times, SCANSTAT TECHNOLOGIES, LLC and DOES 1-20 were providers of health care subject to the requirements of the CMIA, as they were businesses that offer software or hardware to consumers in order to make medical information available at the request of the individual, pursuant to Civil Code § 56.06 (b).

49.     At all relevant times, SCANSTAT TECHNOLOGIES, LLC and DOES 1-20 were required by the CMIA to protect the confidentiality of Plaintiff's and Class Members' medical information. SCANSTAT TECHNOLOGIES, LLC and DOES 1-20 violated the CMIA by disclosing medical information regarding patients without first obtaining lawful authorization, in violation of Civil Code § 56.10 (a).

50.     Because Plaintiff's and Class Members' requests were made prior to litigation, SCANSTAT TECHNOLOGIES, LLC and DOES 1-20 were not authorized to disclose the requested medical records pursuant to a court order, or a subpoena or subpoena duces tecum issued by a party to a proceeding under Civil Code § 56.10 (b) (l) or (3). SCANSTAT TECHNOLOGIES, LLC and DOES 1-20 were not authorized to disclose the requested records pursuant to Civil Code § 56.10 (b) (7), as Plaintiff's and Class Members' requests were made by their attorneys, who are not the "patient's representative" for purposes of this sub-section. *See Maher v. Cty. of Alameda*, 223 Cal.App.4th 1340, 1352-53 (2014).

51.     SCANSTAT TECHNOLOGIES, LLC and DOES 1-20 were not authorized to disclose Plaintiff's or Class Members' medical records pursuant to Civil Code § 56.10 (c) (1) because the records were not disclosed "for purposes of diagnosis or treatment of the patient."

52.     Although SCANSTAT TECHNOLOGIES, LLC and DOES 1-20 were authorized to receive Plaintiff's and Class Members' medical information pursuant to Civil Code § 56.10 (c) (3), their disclosure of their further disclosure of that information to third parties, including their lawyers, violated

-8-
CLASS ACTION COMPLAINT

1   the CMIA because the medical information they received may not be "further disclosed ... in a way that
2   would violate" the CMIA, such as by "shar[ing], sell[ing], us[ing] for marketing, or otherwise us[ing] ...
3   for a purpose not necessary to provide health care services to the patient." Civ. Code § 56.10 (c)-(d).

4       53.    Further, on information and belief, SCANSTAT TECHNOLOGIES, LLC and DOES 1-20
5   do not respond to attorney requests for records on behalf of their Customers (i.e., the medical service
6   provider from which records were requested), and thus SCANSTAT TECHNOLOGIES, LLC and DOES
7   1-20 prevent application of the "administrative services" exception for attorney requests. Thus,
8   SCANSTAT TECHNOLOGIES, LLC and DOES 1-20 used the medical records for the purposes of
9   selling the records for more than the law allowed healthcare providers to charge.

10      54.    Plaintiff, on behalf of herself and all others similarly situated, demands injunctive relief to
11  prevent continuing violations of the CMIA, and seeks an award of compensatory and statutory damages,
12  including $1,000 for each violation irrespective of whether Plaintiffs or Class Members suffered actual
13  damages.

14                          **THIRD CAUSE OF ACTION**
15                      **UNFAIR COMPETITION IN VIOLATION OF**
16               **BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.**
17                        **(AGAINST ALL DEFENDANTS)**

18      55.    Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs as though
19  fully set forth herein.

20      56.    Defendants are "persons" as defined by California Business & Professions Code § 17201.
21      57.    A violation of California Business & Professions Code §§ 17200, et seq. may be predicated
22  on the violation of any state or federal law.

23      58.    Defendants have violated and continue to violate California Business & Professions Code
24  §§ 17200, et seq. by overcharging individuals for retrieval and copying of records in California.

25      59.    Further, SCANSTAT TECHNOLOGIES, LLC has violated and continues to violate
26  California Business & Professions Code §§ 17200, et seq. by disclosing private medical information
27  without lawful authorization.

28      60.    Plaintiff and the Classes have suffered injury in fact and have lost money as a result of

                                    -9-

Defendants' unlawful business practices. Plaintiff and the Classes seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

61.     As a direct and proximate result of Defendants' violation of California Business & Professions Code §§ 17200, et seq., Plaintiffs and the Classes have suffered injury in fact and lost money, including paying more for their medical records than allowable under § 1158.

62.     As a direct and proximate result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff, the Classes and members of the public.

63.     Pursuant to California Business & Professions Code §§ 17200, et seq. Plaintiff and the Classes are entitled to restitution of money paid to Defendants in connection to medical records requests during a period that commences four years prior to the filing of this Complaint; a permanent injunction requiring Defendants to pay all overcharges for copying and retrieval of records to Plaintiff and the Class; and an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

### PRAYER FOR RELIEF

Plaintiff and the Class pray for relief and judgment against Defendants as follows:

1.     For declaratory, injunctive and equitable relief, restitution, disgorgement of profits, monetary damages and all other relief the Court deems appropriate, costs and attorneys' fees in excess of $25,000, exclusive of interest and costs.

2.     That this case be certified as a class action;

3.     That Plaintiff be appointed as the representative of the Class and any Subclasses;

4.     That counsel for Plaintiff be appointed as class counsel.

5.     That the Court adjudge, declare and decree that Defendants violated Evidence Code § 1158 by overcharging Plaintiff and the Class for retrieval and copying of records and by failing to provide their records within five days of their request;

6.     That the Court adjudge, declare and decree that Defendants violated Civil Code § 56, et seq. by disclosing medical information without lawful authorization for purposes other than providing health care services;

7.     Monetary damages, including any compensatory, incidental, nominal, consequential or

-10-
CLASS ACTION COMPLAINT

1 | statutory damages according to proof at trial;

2 |     8.     That the Court adjudge, declare and decree that the practices engaged in by Defendants as

3 | plead herein, including violations of the Evidence Code § 1158, constitute unfair business practices in

4 | violation of Business & Professions Code §§ 17200, et seq.;

5 |     9.     For restitution of overcharges for retrieval and copying of records to Plaintiff and all Class

6 | Members;

7 |     10.    An order requiring Defendants to immediately cease their wrongful conduct as set forth

8 | above, as well as enjoining Defendants from continuing to overcharge individuals via the unlawful and

9 | unfair business acts and practices complained of herein;

10 |    11.    For the appointment of a receiver to receive, manage and distribute any and all funds

11 | disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result

12 | of violations of California Business & Professions Code sections 17200, et seq.;

13 |    12.    A declaration that Defendants are financially responsible for notifying all Class members

14 | of the pendency of this action;

15 |    13.    For prejudgment interest from the day such amounts were due and payable;

16 |    14.    For attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, or as otherwise

17 | provided by law; and

18 |    15.    For such other relief that the Court deems just and appropriate.

19 | <center>**DEMAND FOR JURY TRIAL**</center>

20 | Plaintiff and the Class Members hereby demand a trial by jury on all issues.

**PIMENTEL LAW, P.C.**

23 | Dated: March 19, 2021                     By:

Gabriel J. Pimentel, Esq.
Bruce T. Murray, Esq.
Attorneys for Plaintiff and putative class

-11-
CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gabriel J. Pimentel, Esq., (SNB: 265328)<br>Pimentel Law, P.C.<br>30 N. Raymond Avenue, Suite 210<br>Pasadena, CA 91103<br>TELEPHONE NO.: (626) 765-6505    FAX NO.: (626) 628-3041<br>ATTORNEY FOR *(Name):* Nana Akua Serwaa Oddei | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAR 22 2021<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By: Kristina Vargas, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

| CASE NAME:<br>Nana Akua Serwaah Oddei v. Optum, Inc., et al. | |
|---|---|

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>**21STCV11076** |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount         (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☑ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Three
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 03/19/2021

Gabriel J. Pimentel, Esq.
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

Exhibit A, Page 26



| SHORT TITLE: Serwaah Oddei v. Optum, Inc., et al | CASE NUMBER 21STCV11076 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

Exhibit A, Page 27

| SHORT TITLE: Serwaah Oddei v. Optum, Inc., et al | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Exhibit A, Page 28

| SHORT TITLE: Serwaah Oddei v. Optum, Inc., et al | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Serwaah Oddei v. Optum, Inc., et al | CASE NUMBER |
|---|---|

**Step 4:  Statement of Reason and Address:**  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:  ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:  No address required for class action cases |
|---|---|

| CITY:  Torrance | STATE:  CA | ZIP CODE:  90502 | |

**Step 5:  Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 03/19/2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.   Original Complaint or Petition.

2.   If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.   Civil Case Cover Sheet, Judicial Council form CM-010.

4.   Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.   Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.   A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.   Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Exhibit A, Page 30

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**03/22/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ K. Vargas _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV11076 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Carolyn B. Kuhl | 12 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record —Sherri R. Carter, Executive Officer / Clerk of Court

on 03/23/2021 _____        By K. Vargas _____, Deputy Clerk
(Date)

LACIV 190 (Rev 6/18)      **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

Exhibit A, Page 31

 

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exhibit A, Page 32

Allstate 85-12          25/2016 3:55:24 PM  PAGE      016   Fax Server

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL

# TRAFFIC COLLISION REPORT
CHP 555 PAGE 1 (REV. 04-11) OPI 060

PAGE 1 OF 14

| SPECIAL CONDITIONS | NUMBER INJURED 5 | HIT & RUN FELONY | CITY ANAHEIM | JUDICIAL DISTRICT NORTH JUSTICE | LOCAL REPORT NUMBER 9670-2015-1881 |
|---|---|---|---|---|---|
| | NUMBER KILLED 0 | HIT & RUN MISDEMEANOR | COUNTY ORANGE | REPORTING DISTRICT | BEAT 193 | DAY OF WEEK WEDNESDAY | TOW AWAY ☑ YES ☐ NO |

**LOCATION**

COLLISION OCCURRED ON: SR-91 W/B (RIVERSIDE FREEWAY)

| | MO 12/16/2015 | DAY | YEAR | TIME (2400) 1315 | NCIC # 9670 | OFFICER I.D. 013102 |

MILEPOST INFORMATION:
GPS COORDINATES
LATITUDE 33.853991°       LONGITUDE -117.904173°

PHOTOGRAPHS BY: ☑ NONE

☑ AT INTERSECTION WITH:
☑ OR: 745 FEET EAST OF EAST ST

STATE HWY REL ☑ YES ☐ NO

| PARTY 1 | DRIVER'S LICENSE NUMBER A5296858 | STATE CA | CLASS C | AIR BAG L | SAFETY EQUIP. G | VEH. YEAR 2014 | MAKE / MODEL / COLOR HOND ACCORD BLK | LICENSE NUMBER 78LFZ456 | STATE CA |
|---|---|---|---|---|---|---|---|---|---|

**DRIVER** ☑
NAME(FIRST, MIDDLE, LAST): MATTHEW ALAN ADAMS

OWNER'S NAME ☑ SAME AS DRIVER

**PEDES-TRIAN** ☐
STREET ADDRESS 946 LOCUST AVE

OWNER'S ADDRESS ☑ SAME AS DRIVER

**PARKED VEHICLE** ☐
CITY / STATE / ZIP LONG BEACH                  CA    90813

DISPOSITION OF VEHICLE ON ORDERS OF: ☑ OFFICER ☐ DRIVER ☐ OTHER
TO AND MO TOWING - (714)543-0879

**BICY-CLIST** ☐
| SEX M | HAIR BLN | EYES BLU | HEIGHT 6-00 | WEIGHT 190 | BIRTHDATE MO 02 DAY 07 YEAR 1973 | RACE W |

PRIOR MECH. DEFECTS ☑ NONE APP.    REFER TO NARRATIVE

**OTHER** ☐
HOME PHONE (408)644-8266          BUSINESS PHONE NONE

VEHICLE IDENTIFICATION NUMBER: 1HGCR3F88EA025300

INSURANCE CARRIER ALLSTATE        POLICY NUMBER 000937145473

VEHICLE TYPE 01

DESCRIBE VEHICLE DAMAGE ☐ UNK ☐ NONE ☐ MINOR ☐ MOD ☑ MAJOR ☐ ROLL-OVER

SHADE IN DAMAGED AREA

DIR OF TRAVEL W   ON STREET OR HIGHWAY SR-91        SPEED LIMIT 65

CA _____ DOT _____
CAL-T _____ TCP/PSC _____ MC/MX _____

| PARTY 2 | DRIVER'S LICENSE NUMBER D1971064 | STATE CA | CLASS C | AIR BAG M | SAFETY EQUIP. G | VEH. YEAR 2002 | MAKE / MODEL / COLOR FORD E-350 WHT | LICENSE NUMBER 8W81430 | STATE CA |
|---|---|---|---|---|---|---|---|---|---|

**DRIVER** ☑
NAME(FIRST, MIDDLE, LAST): BRIAN DOMINIC ERIC JORDAN

OWNER'S NAME MICHELLE MARTINEZ    ☐ SAME AS DRIVER

**PEDES-TRIAN** ☐
STREET ADDRESS 13133 LE PARC UNIT 1003

OWNER'S ADDRESS 1803 JAMES PL POMONA CA 91767

**PARKED VEHICLE** ☐
CITY / STATE / ZIP CHINO                  CA    91709

DISPOSITION OF VEHICLE ON ORDERS OF: ☐ OFFICER ☑ DRIVER ☐ OTHER
TO AND MO TOWING - (714)543-0879

**BICY-CLIST** ☐
| SEX M | HAIR BRN | EYES BRN | HEIGHT 6-00 | WEIGHT 249 | BIRTHDATE MO 07 DAY 29 YEAR 1981 | RACE O |

PRIOR MECHANICAL DEFECTS ☑ NONE APP.    REFER TO NARRATIVE

**OTHER** ☐
HOME PHONE (213)805-1117          BUSINESS PHONE (909)865-3900

VEHICLE IDENTIFICATION NUMBER: 1FBSS31S12HB45657

INSURANCE CARRIER NONE        POLICY NUMBER

VEHICLE TYPE 08

DESCRIBE VEHICLE DAMAGE ☐ UNK ☐ NONE ☐ MINOR ☑ MOD ☐ MAJOR ☐ ROLL-OVER

SHADE IN DAMAGED AREA

DIR OF TRAVEL W   ON STREET OR HIGHWAY SR-91        SPEED LIMIT 65

CA _____ DOT _____
CAL-T _____ TCP/PSC _____ MC/MX _____

| PARTY 3 | DRIVER'S LICENSE NUMBER J0627429 | STATE CA | CLASS C | AIR BAG M | SAFETY EQUIP. G | VEH. YEAR 2009 | MAKE / MODEL / COLOR MITS GALANT MAR | LICENSE NUMBER 6KDK877 | STATE CA |
|---|---|---|---|---|---|---|---|---|---|

**DRIVEN** ☑
NAME(FIRST, MIDDLE, LAST): RICHARD RICHARD MATA

OWNER'S NAME WANDA MATA    ☐ SAME AS DRIVER

**PEDES-TRIAN** ☐
STREET ADDRESS 18103 S KENSINGTON AVE

OWNER'S ADDRESS ☑ SAME AS DRIVER

**PARKED VEHICLE** ☐
CITY / STATE / ZIP ARTESIA                  CA    90703

DISPOSITION OF VEHICLE ON ORDERS OF: ☐ OFFICER ☑ DRIVER ☐ OTHER
TO AND MO TOWING - (714)543-0879

**BICY-CLIST** ☐
| SEX M | HAIR BLK | EYES BRN | HEIGHT 5-10 | WEIGHT 225 | BIRTHDATE MO 07 DAY 19 YEAR 1942 | RACE W |

PRIOR MECHANICAL DEFECTS ☑ NONE APP.    REFER TO NARRATIVE

**OTHER** ☐
HOME PHONE (562)926-2853          BUSINESS PHONE NONE

VEHICLE IDENTIFICATION NUMBER: 4A3AB36F59E003792

INSURANCE CARRIER AAA        POLICY NUMBER CAA066583896

VEHICLE TYPE 01

DESCRIBE VEHICLE DAMAGE ☐ UNK ☐ NONE ☐ MINOR ☑ MOD ☐ MAJOR ☐ ROLL-OVER

SHADE IN DAMAGED AREA

DIR OF TRAVEL W   ON STREET OR HIGHWAY SR-91        SPEED LIMIT 65

CA _____ DOT _____
CAL-T _____ TCP/PSC _____ MC/MX _____

| PREPARER'S NAME D. F. EVANS 013102 | DISPATCH NOTIFIED ☑ YES ☐ NO ☐ N/A | REVIEWER'S NAME MICHAEL BARTON 013970 | DATE REVIEWED 01/22/2016 |
|---|---|---|---|

AN INTERNATIONALLY ACCREDITED AGENCY

Exhibit A, Page 33

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| Global Master International Group, Inc., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  No. 2:19-cv-10360-RJK-PLA |
| Esmond Natural, Inc., et al., | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: .                                    Nature's Bounty (NY), Inc.

*(Name of person to whom this subpoena is directed)*

    ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
      SEE ATTACHMENT.

| Place: Nature's Bounty (NY), Inc.<br>2100 Smithtown Avenue<br>Ronkonkoma, NY 11779 | Date and Time:<br>01/22/2021 10:00 am |
|---|---|

    ❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  01/11/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff Global Master International Group, Inc. _____ , who issues or requests this subpoena, are:
Richard A. De Liberty, THE INTERNET LAW GROUP, richard@tilg.us. SEE ATTACHMENT.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  No. 2:19-cv-10360-RJK-PLA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Natures Bounty Inc.
on *(date)*  1/12/21   .

☑ I served the subpoena by delivering a copy to the named person as follows:  Served Subpoena
Upon Corp. Service Co.  80 STATE ST.  ALBANY  NY  122 07
John Doe  accepten M/W Br hair 50 y/o  on *(date)*  1/15/21   ; or
5.10  220 lbs.
☐ I returned the subpoena unexecuted because:  _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$  _____   .

My fees are $  _____  for travel and $  _____  for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:  1/17/21

_____
Server's signature

_____
Printed name and title

419 Charles St.  Scta NY  12302
_____
Server's address

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

| | | | | FOR COURT USE ONLY |
|---|---|---|---|---|

*Attorney or Party without Attorney:*
Ardy Pirnia, Esq., SBN: 288805
THE PIRNIA LAW GROUP
8549 Wilshire Blvd. Suite 1193
Beverly Hills, CA 90211
*TELEPHONE No.:* (844) 747-5294    *FAX No. (Optional):* (877) 858-7268    *E-MAIL ADDRESS (Optional):*

*Attorney for:* Plaintiff

*Ref No. or File No.:*
4339799

*Insert name of Court, and Judicial District and Branch Court:*
LOS ANGELES SPRING STREET COURTHOUSE - CENTRAL DISTRICT

*Plaintiff:* Rita Nti

*Defendant:* Target Corporation

| NON SERVICE REPORT | HEARING DATE: 4/12/2021 | TIME: 10:00 AM | DEPT.: | CASE NUMBER: 19STCV28194 |
|---|---|---|---|---|

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: **VINCENT SMITH**

Documents:  Deposition Subpoena For Personal Appearance;Plaintiff's Second Amended Notice of Deposition of Vincent Smith;

| Date | Time | Results |
|---|---|---|
| 3/11/2021 | 8:25 AM<br>Location: | No answer at the door. Ring-Tone doorbell. - Amanda L. Ezzell<br>2719 Centralia St,  Lakewood, CA 907123335 |
| 3/14/2021 | 1:30 PM<br>Location: | No answer at the door. No answer at the neighbors. - Amanda L. Ezzell<br>2719 Centralia St,  Lakewood, CA 907123335 |
| 3/16/2021 | 5:42 PM<br>Location: | No answer at the door. Dogs barking in the backyard. - Amanda L. Ezzell<br>2719 Centralia St,  Lakewood, CA 907123335 |
| 3/19/2021 | 9:49 AM<br><br><br>Location: | Through the ring doorbell an individual stated that the subject will be home Monday or Tuesday and advised to deliver the documents to Target for him. - Amanda L. Ezzell<br>2719 Centralia St,  Lakewood, CA 907123335 |
| 3/22/2021 | 7:15 AM<br>Location: | No answer at the door. Dogs barking in the back. - Amanda L. Ezzell<br>2719 Centralia St,  Lakewood, CA 907123335 |
| 3/24/2021 | 5:10 PM<br><br><br>Location: | No answer at the door. Security door open. Dogs in the backyard going crazy while I knock. Black BMW 7CSL948 parked outside. Lights on inside, Subject is possibly evading service. - Amanda L. Ezzell<br>2719 Centralia St,  Lakewood, CA 907123335 |

**Continued on Next Page**

Fee for Service:
County:  **Orange**
Registration No.:  **PSC 4055**
**True Legal Support, Inc.**
**4455 Hazeltine Ave. Suite 102**
**Sherman Oaks, CA 91423**

**Ref: 4339799**



I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on  April 5, 2021.

Signature: _____
**Amanda L. Ezzell**

**NON SERVICE REPORT**

Order#: VN185214

Exhibit A, Page 37

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| Ardy Pirnia, Esq., SBN: 288805<br>THE PIRNIA LAW GROUP<br>8549 Wilshire Blvd. Suite 1193<br>Beverly Hills, CA 90211<br>*TELEPHONE No.:* (844) 747-5294   *FAX No. (Optional):* (877) 858-7268   *E-MAIL ADDRESS (Optional):* | | |

*Attorney for:* Plaintiff

| | *Ref No. or File No.:* 4339799 |
|---|---|

*Insert name of Court, and Judicial District and Branch Court:*
LOS ANGELES SPRING STREET COURTHOUSE - CENTRAL DISTRICT

*Plaintiff:* Rita Nti

*Defendant:* Target Corporation

| NON SERVICE REPORT | HEARING DATE: 4/12/2021 | TIME: 10:00 AM | DEPT.: | CASE NUMBER: 19STCV28194 |
|---|---|---|---|---|

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: **VINCENT SMITH**

Documents:   Deposition Subpoena For Personal Appearance;Plaintiff's Second Amended Notice of Deposition of Vincent Smith;

| Date | Time | Results |
|---|---|---|
| | | **Continued from Previous Page** |
| 3/28/2021 | 6:19 PM | No answer att he door. Security door was open and dogs were barking in the back yard. BMW parked. - Amanda L. Ezzell |
| | Location: | 2719 Centralia St, Lakewood, CA 907123335 |
| 4/1/2021 | 12:45 PM | No answer at the door. No vehicles present. Can hear the dogs barking. - Amanda L. Ezzell |
| | Location: | 2719 Centralia St, Lakewood, CA 907123335 |

Fee for Service:
County:  **Orange**
Registration No.:  **PSC 4055**
**True Legal Support, Inc.**
**4455 Hazeltine Ave. Suite 102**
**Sherman Oaks, CA 91423**

**Ref: 4339799**



I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on  April 5, 2021.

Signature: _____

**Amanda L. Ezzell**

**NON SERVICE REPORT**

Order#: VN185214

Exhibit A, Page 38

| | | | FOR COURT USE ONLY |
|---|---|---|---|

*Attorney or Party without Attorney:*
Ardy Pirnia, Esq., SBN: 288805
THE PIRNIA LAW GROUP
8549 Wilshire Blvd. Suite 1193
Beverly Hills, CA 90211
TELEPHONE No.: (844) 747-5294          *FAX No. (Optional)* (877) 858-7268          E-MAIL ADDRESS (Optional):

*Attorney for:* Plaintiff

*Ref No. or File No.:*
4339799

*Insert name of Court, and Judicial District and Branch Court:*
LOS ANGELES SPRING STREET COURTHOUSE - CENTRAL DISTRICT

*Plaintiff:* Rita Nti

*Defendant:* Target Corporation

| NON SERVICE REPORT | HEARING DATE: 4/12/2021 | TIME: 10:00 AM | DEPT.: | CASE NUMBER: 19STCV28194 |
|---|---|---|---|---|

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: **VINCENT SMITH**

Documents:  Deposition Subpoena For Personal Appearance;Plaintiff's Second Amended Notice of Deposition of
            Vincent Smith;

| Date | Time | Results |
|---|---|---|
| 3/26/2021 | | ORDER IS BEING PLACED ON A 48HR HOLD. PLEASE ADVISE IF YOU WOULD LIKE TO AUTHORIZE AN ADDITIONAL ROUND OF ATTEMPTS, CANCEL THIS SERVICE, OR YOU MAY ALSO PROVIDE AN ALTERNATE SERVICE ADDRESS IF AVAILABLE. Thank you. - Loretta K. Phillips |
| | Location: | 2719 Centralia St,  Lakewood, CA 907123335 |

Fee for Service:
   County:  **Orange**
   Registration No.:  **PSC 4055**
   **True Legal Support, Inc.**
   **4455 Hazeltine Ave. Suite 102**
   **Sherman Oaks, CA 91423**

   **Ref: 4339799**



I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on  April 5, 2021.

Signature: _____

**Loretta K. Phillips**

**NON SERVICE REPORT**

Order#: VN185214

Exhibit A, Page 39

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 12

**21STCV11076**
**NANA AKUA SERWAAH ODDEI vs OPTUM, INC., et al.**

April 1, 2021
8:03 AM

Judge: Honorable Carolyn B. Kuhl
Judicial Assistant: L. M'Greené
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

**APPEARANCES:**

For Plaintiff(s):  No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** COURT ORDER REGARDING NEWLY FILED CLASS ACTION

The Clerk's Office has randomly assigned this case to this department for all purposes. By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. Pursuant to Government Code Section 70616 (a)-(b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court, within 10 calendar days of this date.

The Court stays this case for all purposes, except for service of the Summons and Complaint, and filing notice of appearance or an affidavit of prejudice pursuant to Code of Civil Procedure Section 170.6. The stay continues at least until the Initial Status Conference.
Initial Status Conference is scheduled for 06/11/2021 at 11:00 AM in Department 12 at Spring Street Courthouse.

This Order addresses:

(1) Requirements for early sign-up with an e-service provider in order to facilitate communication with the parties throughout the pendency of the case.
(2) Directives regarding appearance at status conferences.
(3) The nature of the current stay of proceedings and the requirement to file a notice of appearance.
(4) Steps counsel must take to prepare for the Initial Status Conference and to prepare and file a Joint Initial Status Conference Response Statement.

******
(1) Early sign-up with an e-service provider.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use a third-party cloud service that provides an electronic message board. In order to

Exhibit A, Page 40

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

**21STCV11076**                                             April 1, 2021
**NANA AKUA SERWAAH ODDEI vs OPTUM, INC., et al.**          8:03 AM

Judge: Honorable Carolyn B. Kuhl          CSR: None
Judicial Assistant: L. M'Greené           ERM: None
Courtroom Assistant: None                 Deputy Sheriff: None

facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten court days in advance of the Initial Status Conference and advise the Court via email to sscdept12@lacourt.org, which provider was selected. The Court will issue an e-service order.

The court intends to use the message board provided by the e-service provider to communicate with the parties in order to determine if the court can issue a Case Management Order and set deadlines without the parties or attorneys appearing in the courtroom.

Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently available in the Complex Courts.

(2) Directions regarding appearance at status conferences.

Based on current conditions and public health requirements and recommendations regarding the spread of COVID-19, all appearances for status conferences should be by LA CourtConnect (see LACourt.org) absent an articulable special need to appear in person. Counsel also are strongly urged to appear via LA CourtConnect for law and motion matters. The Court must reduce crowding in our physical court facilities to the maximum extent possible.

(3) The nature of the current stay of proceedings and the requirement to file a notice of appearance.

As stated above, pending further order of this Court, THESE PROCEEDINGS ARE STAYED IN THEIR ENTIRETY. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, each defendant is directed to file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this complex case and to reduce litigation costs through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case; however, it stays all outstanding discovery requests.

Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Exhibit A, Page 41

●                              ●

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

**21STCV11076**                                                      April 1, 2021
**NANA AKUA SERWAAH ODDEI vs OPTUM, INC., et al.**                    8:03 AM

Judge: Honorable Carolyn B. Kuhl            CSR: None
Judicial Assistant: L. M'Greené             ERM: None
Courtroom Assistant: None                   Deputy Sheriff: None

(4) Steps counsel must take to prepare for the Initial Status Conference and to prepare and file a
Joint Initial Status Conference Response Statement.

The court orders counsel to prepare for the Initial Status Conference by identifying and
discussing the central legal and factual issues in the case. Prior to the Initial Status Conference,
Counsel for all parties are ordered to meet and confer in person (no later than 10 days before the
Conference). Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin
this process. Counsel then must negotiate and agree, as much as possible, on a case management
plan. To this end, counsel must file a Joint Initial Status Conference Response Statement, five
court days before the Initial Status Conference. The Joint Response Statement must be filed on
line-numbered pleading paper and must specifically answer each of the below-numbered topics.
Do not use the Judicial Counsel Form CM-110 (Case Management Statement).

1. PARTIES AND COUNSEL: Please list all presently-named class representatives and
presently-named defendants, together with all counsel of record, including counsel's contact and
email information.

2. STATUS OF PLEADINGS: Please indicate whether defendant has filed a Notice of
Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. POTENTIAL ADDITIONAL PARTIES: Indicate whether any plaintiff presently intends to
add additional class representatives, and, if so, the name(s) and date by which these class
representatives will be added. Indicate whether any plaintiff presently intends to name additional
defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate
whether any appearing defendant presently intends to file a cross-complaint and, if so, the names
of cross-defendants and the date by which the cross-complaint will be filed.
4. IMPROPERLY NAMED DEFENDANT(S): If the complaint names the wrong person or
entity, please explain why the named defendant is improperly named and the proposed procedure
to correct this error.

5. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S): If any party believes one or
more named plaintiffs might not be an adequate class representative, including reasons of
conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles
County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these
responses.

6. ESTIMATED CLASS SIZE: Please discuss and indicate the estimated class size.

Exhibit A, Page 42

●                              ●

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 12

**21STCV11076**                                                    April 1, 2021
**NANA AKUA SERWAAH ODDEI vs OPTUM, INC., et al.**                      8:03 AM

Judge: Honorable Carolyn B. Kuhl             CSR: None
Judicial Assistant: L. M'Greené              ERM: None
Courtroom Assistant: None                    Deputy Sheriff: None

7. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS: Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

8. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES: Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

9. POTENTIAL EARLY CRUCIAL MOTIONS: Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more, of the following:
Motion to Compel Arbitration,
Early motions in limine,
Early motions about particular jury instructions and verdict forms,
Demurrers,
Motions to strike,
Motions for judgment on the pleadings, or
Motions for summary judgment or summary adjudication.

10. CLASS CONTACT INFORMATION: Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in Belaire-West Landscape, Inc. v. Superior Court (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third-party administrator.

11. PROTECTIVE ORDERS: Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

12. DISCOVERY: Please discuss a discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need. If any party seek discovery from absent class members, please estimate how many, and also state the kind of discovery you propose (See California Rule of Court, Rule 3.768).

Exhibit A, Page 43

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**21STCV11076**                                                        April 1, 2021
**NANA AKUA SERWAAH ODDEI vs OPTUM, INC., et al.**                        8:03 AM

Judge: Honorable Carolyn B. Kuhl              CSR: None
Judicial Assistant: L. M'Greené               ERM: None
Courtroom Assistant: None                     Deputy Sheriff: None

13. INSURANCE COVERAGE: Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

14. ALTERNATIVE DISPUTE RESOLUTION: Please discuss ADR and state each party's position about it. If pertinent, how can the court help prepare the case for a successful settlement negotiation?

15. TIMELINE FOR CASE MANAGEMENT: Please recommend dates and times for the following:
The next status conference,
A schedule for alternative dispute resolution, if it is relevant,
A filing deadline for the motion for class certification, and
Filing deadlines for and descriptions of other anticipated non-discovery motions.

******
Plaintiff's counsel is directed to serve a copy of this Order on counsel for all parties, or, if counsel has not been identified, on all parties, within five (5) days of service of this Order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this Order. The plaintiff must file a Proof of Service in this department within seven days of service.


IT IS SO ORDERED.
**CAROLYN B. KUHL, JUDGE**
**COMPLEX CIVIL LITIGATION**
CAROLYN B. KUHL
Judge of the Superior Court

DATED: 4/1/2021

Counsel below is to provide notice to all parties.


Certificate of Mailing is attached.

Minute Order                                                          Page 5 of 5



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street. Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Nana Akua Serwaah Oddei

DEFENDANT/RESPONDENT:
Optum, inc. et al

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

04/01/2021

| | CASE NUMBER: |
| CERTIFICATE OF MAILING | 21STCV11076 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (COURT ORDER REGARDING NEWLY FILED CLASS ACTION) of 04/01/2021 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Gabriel J Pimentel
Pimentel Law, P.C.
30 N. Raymond Avenue
Suite 210
Pasadena, CA  91103

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 04/1/2021

By:  L. M'Greene
                    Deputy Clerk

**CERTIFICATE OF MAILING**

Exhibit A, Page 45