UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: 2:21-cv-03974-SB (MRWx) | Date: 7/15/2021 |

| Title: *Nana Akua Serwaah Oddei v. Optum, Inc., et al.* |

Present: The Honorable **STANLEY BLUMENFELD, JR., U.S. District Judge**

| Victor Cruz | N/A |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER DENYING PLANTIFF'S MOTION TO REMAND [DKT. NO. 14]**

Before the Court is Plaintiff Nana Akua Serwaah Oddei's motion to remand this action to Los Angeles County Superior Court. (Mot., Dkt. No. 14-1.) Defendant Optum, Inc. has filed an opposition and Plaintiff has filed a reply. (Opp., Dkt. No. 23; Reply, Dkt. No. 25.) For the reasons below, the Court **DENIES** the motion.

I.

Plaintiff filed this putative class action case against Defendants Optum, Inc. (Optum), HealthCare Partners Medical Group, P.C. (HealthCare Partners), Davita Medical Group California, P.C. (Davita), and ScanSTAT Technologies, LLC (ScanSTAT) on March 22, 2021. (Compl., Dkt. No. 1-1.) Plaintiff's Complaint asserts three causes of action. First, Plaintiff alleges that all Defendants have violated California Evidence Code § 1158 by charging members of the public 25¢ per page for copying medical records in violation of California's 10¢ per page cap. (*Id.* ¶¶ 40-46.) Second, Plaintiff alleges that ScanSTAT has violated the

Confidentiality of Medical Information Act (CMIA), California Civil Code §§ 56, *et seq*. by engaging in the unauthorized disclosure of confidential medical information, which provides for $1,000 in statutory damages per violation. (*Id.* ¶¶ 47-54.) Third, Plaintiff alleges that all Defendants have violated California Business & Professions Code §§ 17200, *et seq*. by virtue of their other alleged violations of California law. (*Id.* ¶¶ 55-63.) On May 11, 2021, Optum removed the matter under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). (Not. of Removal, Dkt. No. 1.) Plaintiff filed the instant motion to remand on June 9, 2021.

## II.

Removal jurisdiction is based entirely on federal statutory authority. *See* 28 U.S.C. §§ 1441-55. A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). CAFA vests federal courts with original jurisdiction over class actions if: (1) there are at least 100 class members; (2) the action is minimally diverse; and (3) the amount in controversy (AIC) exceeds $5,000,000. 28 U.S.C. § 1132(d). Ordinarily, there is a strong presumption against removal jurisdiction, and the removing party has the burden of establishing the propriety of removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). This presumption, however, does not apply to CAFA. *See Academy of Country Music v. Continental Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) ("Other than for cases under [CAFA], we strictly construe the removal statute against removal jurisdiction."). To the contrary, Congress and the Supreme Court have instructed courts to interpret CAFA removal broadly. *Jones v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

## III.

Plaintiff's sole challenge to Optum's removal is the calculation of the AIC. As discussed below, Optum has demonstrated that it is plausible to calculate the AIC based on multiplying the amount of damages alleged by Plaintiff. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (finding the AIC standard by plausibly multiplying figures alleged by plaintiff).

A.

To satisfy CAFA's AIC requirement, the removing defendant must plausibly assert that the AIC exceeds $5,000,000. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Plaintiff's Complaint does not state a specific amount of damages. In its notice of removal, Optum calculates the AIC as follows: First, on the allegation that "the Class is estimated to comprise of thousands of individuals," Optum believes it is reasonable to assume a class size of 2,000. (Not. of Removal ¶ 17 (quoting Compl. ¶ 30).) Next, Optum maintains that each member allegedly would be entitled to approximately $2,020.10 in damages: $20.10 for the records overcharge (using the named Plaintiff's claim as representative of the putative class) and damages of two separate $1,000 awards for violations of the CMIA. (*Id.*) Accordingly, Optum calculates the class damages as $4,040,200. To reach the $5,000,000 threshold, Optum asserts that a 25% lodestar attorneys' fees award ($1,010,050) may be reasonably assumed, and that in total, the AIC is $5,050,250. (*Id.* ¶¶ 17-18.)

In her motion, Plaintiff argues that Optum's calculations are unsupported by any evidence of class size and damages. (Mot. at 6.) Plaintiff contends that even if the Court were to accept Optum's basic assumptions, Optum cannot establish the requisite AIC. (*Id.*) Specifically, Plaintiff accepts the estimated class size (2,000 members) and contends that if each member were entitled to $20.10 in overcharge damages, that amount would only be $40,200. Plaintiff disagrees with Optum's calculation of statutory damages under the CMIA, claiming that the law allows only one $1,000 penalty per class member, for a total of $2,000,000. In sum, Plaintiff estimates the AIC to be $2,040,200 plus attorneys' fees. And because there is no evidence that the attorneys' fees would approach $3,000,000 in this case, Plaintiff argues that Optum has failed to meet its burden.

B.

Where, as here, the AIC is contested, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014); *see Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) (applying preponderance standard).[1] "The parties may

---

[1] Plaintiff relies heavily on *Lowdermilk v. U.S. Bank*, 479 F.3d 994 (9th Cir. 2007), stating that *Lowdermilk* has "[not] been negatively treated on appeal." (Reply at 5.) The Ninth Circuit, however, later acknowledged that *Lowdermilk* applied the

submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra*, 775 F.3d at 1197 (internal quotations and citation omitted). "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198.

In challenging Optum's removal, Plaintiff contends that it triggered Optum's duty to provide admissible evidence that the AIC exceeds $5,000,000, and that Optum's removal is supported by nothing more than speculation and assumptions. (Mot. at 3-4.) But Plaintiff is making only a facial challenge to Optum's removal in that it failed to submit any evidence to dispute the jurisdictional claim alleged in the notice of removal. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019), *cert. denied,* 140 S. Ct. 2566 (2020) (explaining that "a [facial] challenge 'accepts the truth of the [removing party's] allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction'") (citation omitted). The Ninth Circuit recently explained the distinction between a facial and factual challenge in the context of a removal under CAFA:

> For a facial attack, the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, "determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." A factual attack, by contrast, "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." When a factual attack is mounted, the responding party "must support her jurisdictional allegations with 'competent proof' . . . under the same evidentiary standard that governs in the summary judgment context."

*Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)).

Plaintiff is thus mistaken that Optum must provide evidence to withstand a facial challenge. *Ehrman*, 932 F.3d at 1227-28 (holding a defendant removing under CAFA is not required to present evidence in response to a facial challenge to jurisdictional allegations). The question is whether the allegations in the notice of

---

wrong standard and "h[e]ld that *Lowdermilk* has been effectively overruled." *Rodriguez*, 728 F.3d at 977.

removal, taken as true, establish jurisdiction under CAFA. *Id.* As discussed above, looking at the notice of removal in this case, the allegations appear sufficient to show that the AIC exceeds $5,000,000.[2]

Even if the Court were to construe Plaintiff's challenge as a factual one, her challenge still fails. In opposing the motion, Optum provides evidence to calculate the AIC. (*See* Declaration of Stephanie Perez (Perez Decl.), Dkt. No. 23-1.) Through the Perez Declaration, Optum identifies the following sets of requests for medical records that were made by attorneys or their agents that were either (i) processed by Optum (or Davita or HealthCare Partners), or (ii) forwarded to and processed by ScanSTAT during the proposed class period:

| Type of Request | Number of Requests |
|---|---|
| Workers' Compensation | 7,060 |
| Litigation or Personal Injury | 6,195 |
| Social Security Disability | 710 |
| **Total** | **13,695** |

(Perez Decl. ¶¶ 5-14.)

Based on this putative class size of nearly 14,000 individuals, Optum maintains that the AIC is easily met. Indeed, Optum states that even if the Court were only to consider a putative class based on the litigation-based requests (6,195), the AIC still clears the threshold. (Opp. at 9 n. 4.)

In reply, Plaintiff challenges Optum's calculation on several grounds. None is convincing, and none is supported by evidence. First, Plaintiff asserts that there is no reason to assume that any class member other than Plaintiff is seeking more than one penalty under the CMIA. (Reply at 6-7.) Even if this argument had merit, the AIC would still exceed the threshold with only one violation per class member. Second, Plaintiff argues Optum overestimates the putative class size, stating that the maximum size of the putative class is 4,155 based on the number of litigation-related requests identified in the Perez Declaration. (*Id.* at 7-9.) Even if this were true, the AIC would still exceed the threshold based on a single statutory penalty for each putative class member and attorneys' fees. Third, Plaintiff contends that Perez has not adequately demonstrated that the ScanSTAT record

---

[2] Optum calculates the damages for overcharging for medical records slightly differently in its opposition ($25.10) than it did in its notice of removal ($20.10). The difference has no material impact on the calculation of the AIC in this case.

requests are the type of litigation-related requests at issue in this lawsuit.  (*Id.* at 9.)
But Plaintiff has failed to show that Perez's methodology is flawed[3] and has
further failed to show that Perez has counted records not included in the complaint
(which characterizes the records at issue as those "that do not involve a
subpoena").  Finally, Plaintiff argues that even assuming each of the 4,155
members is entitled to one statutory penalty, the AIC threshold is not met because
Plaintiff's attorney, Bruce Murray, will not incur $845,000 in fees.  (Reply at 10.)
In Plaintiff's counsel's declaration, he states that he expects to spend up to 800
hours on this action at a rate of $450 hours, incurring a maximum of $360,000 in
fees.  (*Id.* at 12.)  But Mr. Murray is not the only lawyer appearing in this case for
Plaintiff, and he provides no evidence about the reasonably anticipated fees for
other attorney(s) or paralegal(s).  Absent this information, it is reasonable for
Optum to rely on the 25% lodestar figure accepted in the Ninth Circuit.

## IV.

For the for foregoing reasons, Plaintiff's motion to remand is **DENIED**.

---

[3] Plaintiff has not made an evidentiary objection and instead appears to argue that
Perez's declaration about ScanSTAT should be given little weight because she
"does not represent ScanSTAT and "fails to explain how she arrived at the
conclusion" that the record requests were in anticipation of litigation.  (Reply at 9.)
However, Perez states that she knows how ScanSTAT processes requests, what
type of information is included, what type of request is being made, and the party
making the request.  (Perez Decl. ¶ 6.)  She also claims to be familiar with
ScanSTAT's tracking system and located the records in question through
ScanSTAT's customer portal.  (*Id.* ¶¶ 7-13.)